UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROGER LEE OZIER,

                    Petitioner,                  Case No. 1:02-CV-118

v.                                        Hon. Gordon J. Quist

FABIAN LAVIGNE,

                    Respondent.

_____/

## ORDER GRANTING PETITIONER'S APPLICATION FOR *IN FORMA PAUPERIS* AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  The court has dismissed petitioner's habeas action with prejudice and petitioner has filed a notice of appeal.  This matter is now before the court on petitioner's motion for leave to proceed *in forma pauperis* (docket no. 43) and his motion for certificate of appealability (docket no. 44).

### Motion to proceed *in forma pauperis*

The fee for appealing a civil action is $255.00.  A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Fed. Rule App. Proc. Rule 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal.  The documents show that petitioner is unable to pay the filing and docket fees required for an appeal. The court is not required to address whether the instant appeal is taken in good faith because petitioner did not proceed *in forma pauperis* in the district court.  *See* 28 U.S.C. § 2254;

Fed. Rule App. Proc. 24(a)(3). Accordingly, petitioner's motion to appeal *in forma pauperis* will be granted.

### Certificate of Appealability

Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.1997). Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Here, the court found that petitioner's habeas claims 1, 2, and a portion of 4 (the alibi defense) were procedurally defaulted and that claims 3, a portion of 4 (ineffective assistance of trial counsel), 5, 6, and 7 were meritless.

### Procedurally defaulted claims

To warrant the grant of a certificate after a district court dismisses a habeas petition on procedural grounds without reaching petitioner's underlying constitutional claims, petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* at 484-85. Applying this standard, the court finds no basis for the issuance of a certificate of appealability. The court concluded that petitioner's claims 1, 2, and a portion of 4 (the alibi defense) were procedurally defaulted. While petitioner disagrees with the court's determination, he has not pointed to any flaw in the court's

2

reasoning or any issue of fact or law overlooked in the adjudication of the petition.  Petitioner has failed to demonstrate that  jurists of reason would debate the correctness of the court's ruling. Because petitioner has failed to demonstrate that "jurists of reason" would debate the correctness of the court's procedural ruling, it is unnecessary to address the debatable merits of petitioner's underlying constitutional claims.   Accordingly, the court will deny petitioner a certificate of appealability on these procedurally defaulted claims.

### Claim dismissed on the merits

The court addressed the merits of claims 3, a portion of 4 (ineffective assistance of trial counsel), 5, 6, and 7.  To warrant a grant of the certificate after considering these constitutional claim on the merits, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack*, 529 U.S. at 484. Applying this standard, this court finds no basis for issuance of a certificate of appealability. Petitioner has not pointed to any flaw in the court's reasoning or any issue of fact or law overlooked in the adjudication of his petition.  The court finds that reasonable jurists could not find that this court's dismissal of petitioner's claim was debatable or wrong.  Accordingly, the court will deny petitioner a certificate of appealability on habeas claims 3, a portion of 4 (ineffective assistance of trial counsel), 5, 6, and 7.

**IT IS ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (docket no. 43) is GRANTED.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability (docket no. 44) is DENIED.

Dated:  May 19, 2005                                     _____/s/ Gordon J. Quist_____
                                                                         GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE